# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOHN ELLING,

     Plaintiff,

    v.                                                                    Civ. No. 19-547 LF/SCY

MESA BIOTECH, INC. et al.,

     Defendants.

## ORDER GRANTING
## CONFIDENTIALITY ORDER

This matter is before the Court on Defendants' Brief Regarding Proposed Confidentiality Order (Doc. 23) and Plaintiff's Briefing on Confidentiality Order (Doc. 24). After having heard the arguments of counsel at the August 6, 2019 Scheduling Conference, and having reviewed the parties' submissions and relevant case law, the Court concludes that Defendants' Proposed Confidentiality Order shall be entered.

Defendants request that the Court enter a confidentiality order to expedite the flow of discovery material and adequately protect material entitled to be kept confidential. Doc. 23 at 1-2. The proposed protective order is a "blanket protective order," which "place[s] upon the parties themselves, or others from whom discovery is sought, the initial burden of determining what information is entitled to protection." *Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 386 (D. Colo. 2000). "Normally, a blanket protective order requires that counsel for a producing party review the information to be disclosed and designate the information it believes, in good faith, is confidential or otherwise entitled to protection." *Id.* "The designated information is thereafter entitled to the protections afforded by the blanket protective order unless the designation is objected to by an opposing party." *Id.* "Judicial review of a party's designation as

confidential occurs only when there is such an objection which the parties cannot resolve by agreement." *Id.*

"Blanket protective orders serve the interests of a just, speedy, and less expensive determination of complex disputes by alleviating the need for and delay occasioned by extensive and repeated judicial intervention." *Id.* "Blanket protective orders routinely are approved by courts in civil cases." *Id.* The Tenth Circuit has noticed that "stipulated 'blanket' protective orders are becoming standard practice in complex cases" and commented that they serve the useful purposes of avoiding protected disputes over every item of sensitive information. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). "The agreement of all parties is not required for the entry of a blanket protective order," so long as the movant "make[s] some threshold showing of good cause to believe that discovery will involve confidential or protected information." *Gillard*, 196 F.R.D. at 386 (quoting *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.*, 121 F.R.D. 264, 268 (M.D.N.C. 1988)). The order must also place the burden of proving confidentiality on the party asserting it. *Id.*

Plaintiff does not contest that Defendants have met this threshold showing. Rather, Plaintiff objects to specific terms in the proposed confidentiality order. Under the terms of the proposed confidentiality order, any party may designate documents as "confidential," and such documents may not be shared outside of (i) this Court and its personnel; (ii) outside counsel of record and in-house counsel of a party; (iii) any consultant, investigator, or consulting or testifying expert assisting in this litigation; (iv) a deponent; (v) a court reporter or videographer; and (vi) a mediator appointed by the Court or agreed to in writing by the parties. Doc. 23-1 at 1-3. If a party wishes to disclose confidential information to any person not described in this list,

permission to do so must be requested from the opposing party in writing. If the opposing party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court orders otherwise. *Id.* at 4. Before obtaining access to confidential information, any person shall be shown and shall read a copy of this confidentiality order and shall agree in writing to be bound by its terms by signing a copy of the confidentiality acknowledgment, attached at Doc. 23-1 at 8. Confidential information shall not be disclosed in "communications with any person or counsel representing such a person in any other lawsuit or potential lawsuit other than the present litigation." Doc. 23-1 at 3.

Plaintiff's first objection concerns the prohibition on disclosing confidential information in "communications with any person or counsel representing such a person in any other lawsuit or potential lawsuit other than the present litigation." Doc. 24 at 2. Plaintiff argues that this language is vague and ambiguous. "If the intention is that Plaintiff refrain from circulating confidential documents to litigants in other cases adverse to Defendants, the language is too non-specific to be effective." *Id.* The Court disagrees. Defendants' need for confidentiality, assuming the documents are properly designated as confidential, outweighs Plaintiff's interest in circulating the information to other plaintiffs' counsel who may use the information in other lawsuits adverse to Defendants. If Plaintiff requires assistance of other members of the plaintiffs' bar in prosecuting his case, Plaintiff can always associate with counsel in this case, thus rendering co-counsel a proper recipient of confidential information.

Second, Plaintiff objects to the itemized list of proper recipients of confidential information. Rather than an itemized list, Plaintiff requests permission to share confidential information "as reasonably necessary for the preparation and trial of this action and any appeals." Doc. 24 at 3. The Court finds that the itemized list of permissible recipients is proper.

Defendants are entitled to know with whom its confidential information is being shared. If Plaintiff in good faith has a need to share confidential information with persons outside this list, the confidentiality order provides two avenues to that result. First, Plaintiff may request permission from Defendants. Second, if the parties cannot resolve the issue themselves, Plaintiff may seek permission from the Court over Defendants' objection. The availability of these avenues accommodates Plaintiff's concern that he will not be able to show a potential witness a document until he notices that witness for a deposition. Doc. 24 at 3. If Plaintiff needs to show a potential witness a document to determine whether that person will actually become a witness, the Court expects that, absent unique circumstances, Defendants would provide Plaintiff permission to do so. If Defendants would not, absent some unique confidentiality concern, the Court likely would. While the Court understands that seeking such permission, whether from Defendants or the Court, is not ideal from a Plaintiff's perspective, the Court finds that such a procedure strikes an appropriate balance between a defendant's legitimate interest in knowing who has access to its confidential information and a plaintiff's legitimate interest using such documents to investigate his case and to determine which witnesses he will call to testify on his behalf.

Finally, Plaintiff objects to the requirement that Plaintiff and his attorney sign the confidentiality acknowledgement. According to Plaintiff, because Plaintiff and his counsel are subject to the Court order, the requirement that they sign the acknowledgement would be redundant. Doc. 24 at 3-4. The Court disagrees. While Plaintiff is correct that the Court may take action to enforce its order if it is violated, this is not the same as preserving Defendants' ability to seek an independent course of action. Plaintiff's counsel also objects to collecting her client's signature because this theoretically could place her in a position of being an adverse witness to

her client if her client violates the terms of the agreement. Doc. 24 at 4. A similar situation, however, commonly arises when a plaintiff's counsel obtains a client's signature verifying interrogatories. Just as this hypothetical dilemma does not prevent an attorney from obtaining a client's signature verifying interrogatories, it does not prevent an attorney from obtaining a client's signature on a confidentiality agreement.

The Court finds good cause to grant a blanket protective order substantially in the form proposed by Defendants. Defendants shall, within seven days of the date of this order, submit a copy of the confidentiality agreement to yarbroughproposedtext@nmd.uscourts.gov in Microsoft Word format.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE