IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN ELLING,

      Plaintiff,

  v.                                                      Civ. No. 19-547 LF/SCY

MESA BIOTECH, INC., MESA TECH
INTERNATIONAL, INC., HONG CAI, and
ROBERT BRUCE CARY, a/k/a R. BRUCE
CARY, a/k/a ROBERT CARY,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION

This matter is before the Court on Plaintiff's Motion for Reconsideration, filed October 8, 2019. Doc. 27. On October 9, 2019, Plaintiff filed an Amended Motion for Reconsideration. Doc. 28. The amended motion "corrects certain typographical errors" in the original motion.[1] Doc. 28 at 1 n.1. Accordingly, the Court denies as moot Plaintiff's Motion for Reconsideration, Doc. 27, and reviews Plaintiff's Amended Motion, Doc. 28. Defendants filed a response on October 15, 2019, Doc. 29, and Plaintiff filed a reply on October 30, 2019, Doc. 31. Having considered the parties' arguments and all relevant authority, the Court denies Plaintiff's Amended Motion for Reconsideration.

---

[1] A side-by-side comparison of the Motion and Amended Motion shows only two changes between the motions: 1) On page 5, Section 3(B)(iv) of Plaintiff's proposed confidentiality order, the language is changed from "Any witness or individual with information that may lead to discoverable information," to "Any individual with information relevant to any party's claim or individual likely to have discoverable information"; and 2) on page 6, Section 3(B)(iv) of Plaintiff's alternative proposed confidentiality order, the language is changed from "Any witness or individual with information that may lead to discoverable evidence," to "Any individual with information relevant to any party's claim or individual likely to have discoverable information." *Compare* Doc. 27 at 5-6, *with* Doc. 28 at 5-6.

On August 6, 2019, the Court held a scheduling conference, during which the parties advised that they were having trouble reaching an agreement regarding the language of a confidentiality order. *See* Doc. 16 (clerk's minutes). Accordingly, the Court set a briefing schedule, requiring the parties to file simultaneous briefs regarding the confidentiality order and attach their proposed version of the confidentiality order by August 26, 2019. Doc. 19. In accordance with that order, both Plaintiff and Defendants filed their briefs on August 26, 2019. Docs. 23, 24. On September 9, 2019, the Court entered an order adopting Defendants' proposed confidentiality order, Doc. 25, and entered that confidentiality order on September 10, 2019, Doc. 26. Plaintiff now moves the Court for reconsideration of its Order Granting Confidentiality Order, Doc. 25, and the ensuing Confidentiality Order, Doc. 26.

The Federal Rules of Civil Procedure do not recognize motions for reconsideration. *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Instead, a motion for reconsideration "may be construed in one of two ways: if filed within [28][2] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than [28] days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Id.*

Additionally, the court has discretion to reopen "every order short of a final decree." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see also* Federal Rule of Civil Procedure 54(b) ("[A]ny order or other decision, however designated that adjudicates fewer than all the claims or the rights and liability of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment

---

[2] Since *Computerized Thermal Imaging* was published in 2002, the relevant time period under Rule 59(e) has changed from 10 days to 28 days.

adjudicating all the claims and all the parties' rights and liabilities."). In reviewing an interlocutory order, the court is not required to apply the standards of Rule 59(e) and Rule 60(b). *Fye v. Oklahoma Corp. Com'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008); *Trujillo v. Bd. of Educ. of Albuquerque Public Schs.*, 212 Fed. App'x 760, 765 (10th Cir. 2007). However, the Tenth Circuit has indicated that a district court faced with a Rule 54(b) motion to reconsider may use the standards for reviewing a motion to alter or amend a judgment under Rule 59(e) to guide its analysis. *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013) (unpublished). Under the Rule 59(e) standards, a court may grant a motion for reconsideration in three circumstances: when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

Here, Plaintiff is not asking the Court to reconsider a final judgment under Rule 59(e) or 60(b), but an interlocutory order entered while the case is still proceeding toward a final judgment. The Court sees no reasons to grant this request because Plaintiff has not shown a change in controlling law, new evidence, or a clear error that needs to be corrected. Instead, he simply repeats the arguments he made in his prior brief, which the Court previously rejected.

In his prior brief, Plaintiff objected to the itemized list of proper recipients of confidential information that was contained in Section 3(B) of Defendants' proposed confidentiality order. Rather than an itemized list, Plaintiff requested permission to share confidential information "as reasonably necessary for the preparation and trial of this action and any appeals." Doc. 24 at 3. The Court adopted Defendants' proposed language and the Confidentiality Order allows

3

disclosure of confidential information only to the parties, the Court, outside counsel of record, any consultant, investigator or expert, a deponent, a court reporter or a mediator, unless given permission from the designating party or the Court. Doc. 26 at 3 (Section 3(B), (C)).

In the present motion, Plaintiff again argues against the itemized list and instead argues that disclosure of confidential information should be allowed "as reasonably necessary for preparation and trial of this action and any appeals and may include disclosure to . . . [a]ny individual with information relevant to any party's claim or individual likely to have discoverable information." Doc. 28 at 6. To support his proposed language, he asserts that the itemized list requires him to "advertise to Defendants with whom he is speaking (and with whom he is not speaking) as he develops his case and follows the trail of evidence," and that the itemized list requires him to seek Defendants' approval before he speaks with a potential witness. Doc. 28 at 2-4. The Court previously addressed these concerns, finding that the itemized list of permissible recipients and the procedure for sharing confidential information is proper. Doc. 25 at 4-5. The Court previously acknowledged that "such a procedure strikes an appropriate balance between a defendant's legitimate interest in knowing who has access to its confidential information and a plaintiff's legitimate interest in using such documents to investigate his case and to determine which witnesses he will call to testify on his behalf." Doc. 25 at 4. Plaintiff offers no new evidence or legal authority as to why this result should not stand, and the Court finds no clear error or manifest injustice.

The only new argument Plaintiff raises is that the itemized list is improper because Plaintiff, as a shareholder of the Defendant company, has a right to review materials independent from this litigation and outside the confidentiality order. Doc. 28 at 5. The Court's order, however, does not apply to documents Plaintiff obtains from some other avenue in a manner

4

completely independent from this lawsuit. Thus, the Court does not opine on what Plaintiff can or cannot obtain through any independent status Plaintiff may have as a shareholder or whether restrictions exist that limit shareholders' use and distribution of information they obtain through their status as shareholders. Further, Plaintiff offers no explanation as to why he could not present this argument in previous briefing. *See Christy*, 739 F.3d at 539. Because the Court has already addressed Plaintiff's concerns and because Plaintiff presents no basis for reconsideration, the Court denies his request to reconsider its Order Granting Confidentiality Order and the ensuing Confidentiality Order.

For these reasons, the Court **denies as moot** Plaintiff's Motion for Reconsideration, Doc. 27, and **denies** Plaintiff's Amended Motion for Reconsideration, Doc. 28.

IT SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE