IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN ELLING,

    Plaintiff,

v.                                                                                                  1:19-cv-00547-LF-SCY

MESA BIOTECH, INC.,
MESA TECH INTERNATIONAL, INC.,
HONG CAI, and ROBERT BRUCE CARY,
a/k/a R. BRUCE CARY, a/k/a ROBERT CARY,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
AMENDED MOTION FOR VOLUNTARY DISMISSAL BY ORDER OF COURT OR,
ALTERNATIVELY, TO CONSOLIDATE**

THIS MATTER comes before the Court on Plaintiff John Elling's Amended Motion for Voluntary Dismissal by Order of Court or, Alternatively, to Consolidate, filed April 14, 2020. Doc. 54. Defendants Mesa Biotech, Inc., Mesa Tech International, Inc. ("MTI"), Hong Cai, and Robert Bruce Cary filed their response in opposition to the motion on April 28, 2020, and Mr. Elling filed his reply on May 12, 2020. Docs. 56, 57. The parties consented to my conducting dispositive proceedings in this matter. *See* Docs. 6, 7, 9. For the following reasons, the Court DENIES Mr. Elling's motion.

**I.      Factual and Procedural Background**

This case arises out of a dispute between Plaintiff John Elling, formerly Director, President, and Chief Executive Officer of MTI, and his former colleagues, Defendants Hong Cai and Robert Bruce Cary, who now are employed at Defendant Mesa Biotech. *See* Doc. 1-1 (complaint) ¶¶ 6−10, 20−34; Doc. 3 (answer) ¶¶ 6–10, 20–34. Mr. Elling founded MTI with Ms.

Cai and Mr. Cary, and all three were initial shareholders. Doc. 1-1 ¶¶ 2−4; Doc. 3 ¶¶ 2–4. MTI was a New Mexico Corporation with its principal place of business in Los Alamos County, New Mexico. *See* Doc. 1-1 ¶ 5; Doc. 3 ¶ 5. In October 2010, Mr. Elling agreed to resign from his positions at MTI, but he retained a portion of MTI's stock pursuant to a written agreement. Doc. 1-1 ¶ 20; Doc. 3 ¶ 20; *see also* Doc. 1-1 at 10−12 (agreement between MTI and Mr. Elling).

In July 2015, MTI merged with Mesa Biotech. Doc. 1-4 at 5. By virtue of the merger, MTI was subsumed by Mesa Biotech, MTI ceased to exist, and Mr. Elling became a minority shareholder in Mesa Biotech. *See* Doc. 1-2 at 1–2; Doc. 1-4 at 5; Doc. 43-1 at 11. Mr. Elling claims that he first learned of MTI's merger with Mesa Biotech in August 2018. Doc. 1-1 ¶¶ 23–25. In October 2018 and January 2019, Mr. Elling sought to inspect MTI and Mesa Biotech's books and records, allegedly without success. Doc. 1-1 ¶¶ 31–34.

On May 7, 2019, Mr. Elling filed his complaint in this case in the First Judicial District Court of New Mexico. Doc. 1-1. Defendants removed the case to this Court on June 13, 2019. Doc. 1. In July 2019, Mr. Elling sought to remand the case back to state court, Doc. 8, which the Court denied in October 2019, Doc. 30. On August 6, 2019, the Court issued a scheduling order that set a deadline of February 7, 2020 to complete all discovery, and a deadline of March 9, 2020 for all dispositive motions to be filed. Doc. 17. During discovery, the parties disagreed about the precise terms of a confidentiality order under which certain discovery would be provided, and the Court ultimately resolved those issues on December 4, 2019. Docs. 25, 26, 28, 29, 31, 32. Once the confidentiality order was in place, Mr. Elling received access to Mesa Biotech's books and records as part of the discovery in this case. Doc. 49 at 7, ¶ 18. But Mr. Elling never sought any adjustment of any of the deadlines contained in the Court's scheduling

order, nor did he ever seek to amend his complaint.  *See generally* Docket, Case. No. 1:19-cv-00547-LF-SCY.

On March 9, 2020, Defendants timely filed their motion for summary judgment, seeking a final judgment in their favor on all Mr. Elling's claims.  Doc. 43.  The briefing on this motion was complete on April 8, 2020.  *See* Doc. 51.  Five days earlier, on April 3, 2020, Mr. Elling filed another lawsuit against Ms. Cai, Mr. Cary, Mesa Biotech, and MTI.  *See* Doc. 1, Case No. 1:20-cv-00306-JHR-JFR.  Mr. Elling filed an amended complaint in that case on April 7, 2020 and served the defendants with the amended complaint on April 15 and 16, 2020.  Docs. 3, 5–8, Case No. 1:20-cv-00306-JHR-JFR.  On April 14, 2020, Mr. Elling filed his Motion and Amended Motion for Voluntary Dismissal by Order of Court or, Alternatively, to Consolidate.  Docs. 53, 54.

## II.    Mr. Elling's Complaints

In this case, Mr. Elling alleges that over the years, he received scant information regarding MTI's operations.  Doc. 1-1 ¶ 22.  He claims that he first learned that MTI had merged with Mesa Biotech, Inc. in August 2018.  *Id*. ¶¶ 23, 24.  According to the complaint, Mr. Elling received no notice of any proposed merger or proposed amendment to MTI's articles of incorporation, nor did he receive the opportunity to vote on the proposed merger, nor was a merger plan submitted to MTI's shareholders.  *Id*. ¶¶ 25−27.  Mr. Elling also alleges that MTI/Mesa Biotech refused to allow him to inspect their books and records and refused to address his concerns regarding the merger, amendments to the company's articles of incorporation and bylaws, the company's relocation to California, and changes to its stock plan.  *Id*. ¶ 29−34.  In count I of his complaint, Mr. Elling claims that Ms. Cai and Mr. Cary breached their fiduciary duties to him.  *Id*. ¶¶ 35−38.  Count II alleges that Defendants collectively

engaged in "shareholder oppression." *Id*. ¶¶ 39−41.  Count III alleges that MTI breached its contract with Mr. Elling, including breaching the covenant of good faith and fair dealing. *Id*. ¶¶ 42−46.  Mr. Elling seeks compensatory, punitive, and statutory damages, as well as his attorneys' fees and costs. *Id*. at 8.

In Mr. Elling's new complaint, he alleges new facts regarding "2014 Interested Transaction"—before MTI's merger with Mesa Biotech—and "2018 Interested Transactions." Doc. 3 ¶¶ 28–37, 41–52, Case No. 1:20-cv-00306-JHR-JFR.  Count I of the complaint alleges that Ms. Cai and Mr. Cary breached their fiduciary duties to Mr. Elling multiple times, and Count II alleges that they aided and abetted each other in breaching these duties. *Id.* ¶¶ 53–71.  Count III alleges that all Defendants engaged in shareholder oppression. *Id.* ¶¶ 72–74.  Mr. Elling seeks compensatory and punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and asks the Court to rescind the "options and cancel the shares Cai & Cary gave themselves at the expense of the Company." *Id.* at 8, ¶¶ A–E.

### III. Mr. Elling's Motion and Defendants' Response

Mr. Elling argues that the Court should dismiss this case because his "new case against Defendants seek[s] redress for the substantive matter of Cai & Cary's interested transactions," and his damages from those "transactions are significantly greater than his damages resulting from the merger or books and records issues."  Doc. 54 ¶¶ 12, 13.  He states that he "is not seeking a remedy for the merger or books and records issues in the other case," and that he "desires to focus his time and financial resources on his substantive claims resulting from the interested transactions." *Id.* ¶¶ 14, 17.  He asserts that "[i]t is not a good use of the Parties' or the Court's resources to continue litigation of the merger or books and records issues given the more impactful nature of the claims for the interested transactions and the limited resources of the

4

Parties and the Court." *Id.* ¶ 18. If the Court chooses not to dismiss the case, Mr. Elling says the cases should be consolidated because "[t]he Parties are the same in both cases"; "[b]oth cases involve the common legal issue of Defendant Cai and Cary's fiduciary obligations to Plaintiff as a minority shareholder," and that if the Court were to consolidate the cases, Mr. Elling would like a new scheduling order resetting all the discovery deadlines and the deadlines for filing pretrial motions. *Id.* ¶¶ 15, 16, 19. He also notes that there is no trial setting in this case. *Id.* ¶ 21.

Defendants argue that the Court should deny Mr. Elling's motion. They assert that "[n]ow that the only remaining tasks in this case are for the Court to dispose of Plaintiff's claims on Defendants' fully-briefed summary judgment motion or proceed to a bench trial with few witnesses and no expert testimony, Plaintiff suddenly has decided he wants to abandon this case and start over." Doc. 56 at 1. They argue that dismissing this case without prejudice or consolidating it with a case that has just been filed is fundamentally unfair, and that it would not promote judicial economy or avoid unnecessary costs or delay. *See generally id.* For the following reasons, I agree with Defendants.

## IV.   Discussion

### A.  Voluntary Dismissal

Rule 41(a)(2) requires a court to review a plaintiff's motion to dismiss a complaint if the action has proceeded beyond service of an answer or of a motion for summary judgment, and there is not unanimous agreement among all parties supporting the dismissal. FED. R. CIV. P. 41(a)(2) ("[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."). The purpose of the rule is "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit

the imposition of curative conditions." *Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir. 1993) (quotation omitted). When considering a motion to dismiss, "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties. It is the prejudice to the opposing party, rather than the convenience of the court, that is to be considered in passing on a motion for dismissal." *Id.* (quotations and alterations omitted); *see also Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir. 1997) ("Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."). Among the factors the court should consider are: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Ohlander,* 114 F.3d at 1537. This list of factors "is by no means exclusive," and factors that are "unique to the context of the case" must also be considered. *Id.* In reaching a decision, "[t]he district court should endeavor to [e]nsure substantial justice is accorded to both parties," and therefore the court "must consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.*

In this case, granting Mr. Elling's motion to dismiss would be unfairly prejudicial to Defendants. Although granting the motion to dismiss might be convenient to the Court as it would save it from having to rule on Defendants' fully-briefed motion for summary judgment, granting Mr. Elling's motion would deprive Defendants of any preclusive effect a ruling on the motion for summary judgment might have. It also would deprive Defendants of all the time and effort they put into defending this case and give Mr. Elling a clean slate on which to litigate his newly filed case, despite the overlap in the two cases. Although Mr. Elling characterizes this case as just a "books and records case" and merger case, *see* Doc. 57 at 2–3, he seems to forget that he also alleged claims for breach of fiduciary duty and shareholder oppression—just as he

6

does in his newly filed case—as well as a claim for breach of contract.  *See* Doc. 1-1 ¶¶ 35–46.  Mr. Elling, however, made no effort to seek to amend his claims in this case after receiving access to the books and records in December 2019 that presumably provided the information necessary for him to allege the claims he makes in his later-filed case.  Dismissing this case at this juncture—after discovery is complete and the motion for summary judgment is fully briefed—would be highly prejudicial to Defendants.  The Court will deny Mr. Elling's motion to dismiss.

### B.  Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

If actions before the court involve a common question of law or fact, the court may:
    (1) join for hearing or trial any or all matters at issue in the actions;
    (2) consolidate the actions; or
    (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a).  A court's denial of a motion to consolidate is discretionary and will not be reversed on appeal absent clear error or exigent circumstances.  *American Emp. Ins. Co. v. King Resources Co.*, 545 F.2d 1265, 1269 (10th Cir. 1976).  The party moving for consolidation bears the burden of proving that consolidation is desirable.  *Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994).  In deciding whether to grant a motion to consolidate, the court initially should determine whether the cases to be consolidated "involve a common question of law or fact."  FED. R. CIV. P. 42(a).  If the cases involve a common question of law or fact, the Court then should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause.  *Servants of the Paraclete*, 866 F. Supp. at 1572.

Although there are some common questions of law and fact between both this lawsuit and

the one filed earlier this year, the two cases do not overlap entirely. As Mr. Elling states in his motion, in the later-filed action he "is not seeking a remedy for the merger or books and records issues" like he is in this case. Doc. 54 ¶ 14. Indeed, he says in his motion that he's no longer interested in pursuing those remedies, and that he instead wants to focus on the later-filed case in which he believes the damages are "significantly greater." *Id.* ¶¶ 13, 17. Moreover, although there would be common questions of law with regard to the breach-of-fiduciary-duty claims and the shareholder-oppression claims, only this case involves a claim for breach of contract. *Compare* Doc. 1-1 ¶¶ 42–46 *with* Doc. 1 ¶¶ 53–74, Case No. 1:20-cv-00306-JHR-JFR. And while only this case included a request for statutory damages, only the later-filed case involves a request for injunctive action. *Compare* Doc. 1-1 at 8 *with* Doc. 1 at 8, Case No. 1:20-cv-00306-JHR-JFR.

More importantly, however, consolidation would result in significant delay and unfair prejudice to Defendants. In this case, discovery has been completed and the parties are awaiting the Court's decision on Defendants' motion for summary judgment, which could be fully dispositive. If the Court does not grant the summary judgment motion in its entirety, the only thing left to do is to hold a short bench trial on whatever claims remain. If the cases are consolidated, the Court would have to start over with a new scheduling order and a four to six-month period of discovery. And Defendants would be deprived of whatever preclusive effect a ruling on the motion for summary judgment might have. In short, although Mr. Elling might personally benefit from consolidation, he has failed to sustain his burden of proving that consolidation is desirable or just. The Court will not consolidate this case with the later-filed case, Case No. 1:20-cv-00306-JHR-JFR.

## IV.    Conclusion

For the foregoing reasons, the Court DENIES Plaintiff John Elling's Amended Motion for Voluntary Dismissal by Order of Court or, Alternatively, to Consolidate (Doc. 54).

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent