IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN ELLING,

    Plaintiff,

v.                                                                                          1:19-cv-00547-LF-SCY

MESA BIOTECH, INC.,
MESA TECH INTERNATIONAL, INC.,
HONG CAI, and ROBERT BRUCE CARY,
a/k/a R. BRUCE CARY, a/k/a ROBERT CARY,

    Defendants.

## **ORDER**

THIS MATTER comes before the Court *sua sponte*. Several documents filed in this case were filed as visible only to "case participants": the Motion for Summary Judgment (Doc. 43) and the attached exhibits; the response to the motion (Doc. 49) and the attached exhibits, and the reply to the motion (Doc. 50). Although the confidentiality order entered in this case permits the parties to file documents designated as "Confidential—Subject to Protective Order" "with a restricted access level so that it is distributed to, and accessible by, only the Court and the parties," Doc. 26 at 4, the Court does not believe the above-listed documents should remain sealed in their entirety. Some of the exhibits attached to the documents are not marked as confidential and obviously should not have been filed under seal. And although the motion, response, and reply may refer to some of the confidential documents, they do not necessarily disclose confidential information. It therefore is not obvious to the Court that the entirety of these filings should be sealed, particularly the legal arguments and references to facts and documents that are not confidential and/or are already part of the public record. As a result, the Court will require the parties to justify keeping these documents, or portions of the documents,

under seal.

It is well settled that federal courts recognize a common-law right of access to judicial records. *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597–99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest." *Crystal Grower's Corp.*, 616 F.2d at 461. This public right of access, however, is not absolute. *Nixon*, 435 U.S. at 598. As federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. *Crystal Grower's Corp.*, 616 F.2d at 461. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or some portion of the record. *Id.* Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

A party seeking to overcome the presumption of public access to judicial documents bears the burden of showing "some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009).

The Court hereby orders that any party seeking to keep the above-referenced documents, or portion(s) of these documents, under seal must file an appropriate motion to seal within 21

days of the date of this order.  In addition, a copy of the proposed redacted version of the document should be submitted to Judge Fashing's proposed text at fashingproposedtext@nmd.uscourts.gov.  The motion to seal should be narrowly tailored to only seal (redact) those portions of the document for which the party has a privacy interest sufficient to justify sealing (redaction).  The party seeking to seal (redact) must establish that the party's interest in keeping the documents private outweighs the public's right of access to judicial records.

If no motion to seal is filed within 21 days of the date of this order, the Court will make these documents publicly available in their entirety.

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent