IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN ELLING,

    Plaintiff,

v.                                                                                                                              1:19-cv-00547-LF-SCY

MESA BIOTECH, INC.,
MESA TECH INTERNATIONAL, INC.,
HONG CAI, and ROBERT BRUCE CARY,
a/k/a R. BRUCE CARY, a/k/a ROBERT CARY,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF JOHN ELLING'S RULE 60(b) MOTION**

THIS MATTER comes before the Court on Plaintiff John Elling's Rule 60(b) Motion, filed July 17, 2020. Doc. 66.[1] Defendants Mesa Biotech, Inc., Mesa Tech International, Inc. ("MTI"), Hong Cai, and Robert Bruce Cary filed their response in opposition to the motion on July 31, 2020, and Mr. Elling filed his reply on August 14, 2020. Docs. 69, 70. The parties consented to my conducting dispositive proceedings in this matter. *See* Docs. 6, 7, 9. For the following reasons, the Court DENIES Mr. Elling's motion.

**I.    Factual and Procedural Background**

This case arises out of a dispute between Plaintiff John Elling, formerly Director, President, and Chief Executive Officer of MTI, and his former colleagues, Defendants Hong Cai and Robert Bruce Cary, who now are employed at Defendant Mesa Biotech. *See* Doc. 1-1 (complaint) ¶¶ 6−10, 20−34; Doc. 3 (answer) ¶¶ 6−10, 20−34. Mr. Elling founded MTI with Ms.

---

[1] All references to "Doc. ____" are to the document number in case number 1:19-cv-00547-LF-SCY (*Elling I*) unless otherwise noted.

Cai and Mr. Cary, and all three were initial shareholders. Doc. 1-1 ¶¶ 2−4; Doc. 3 ¶¶ 2–4. MTI was a New Mexico Corporation with its principal place of business in Los Alamos County, New Mexico. *See* Doc. 1-1 ¶ 5; Doc. 3 ¶ 5. In October 2010, Mr. Elling agreed to resign from his positions at MTI, but he retained a portion of MTI's stock pursuant to a written agreement. Doc. 1-1 ¶ 20; Doc. 3 ¶ 20; *see also* Doc. 1-1 at 10−12 (agreement between MTI and Mr. Elling).

In July 2015, MTI merged with Mesa Biotech. Doc. 1-4 at 5. By virtue of the merger, MTI was subsumed by Mesa Biotech, MTI ceased to exist, and Mr. Elling became a minority shareholder in Mesa Biotech. *See* Doc. 1-2 at 1–2; Doc. 1-4 at 5; Doc. 43-1 at 11. Mr. Elling claims that he first learned of MTI's merger with Mesa Biotech in August 2018. Doc. 1-1 ¶¶ 23–25. In October 2018 and January 2019, Mr. Elling sought to inspect MTI and Mesa Biotech's books and records, allegedly without success. Doc. 1-1 ¶¶ 31–34.

On May 7, 2019, Mr. Elling filed his complaint in this case in the First Judicial District Court of New Mexico. Doc. 1-1. Defendants removed the case to this Court on June 13, 2019. Doc. 1. In count I of his complaint, Mr. Elling claimed that Ms. Cai and Mr. Cary breached their fiduciary duties to him. *Id.* ¶¶ 35−38. Count II alleged that Defendants collectively engaged in "shareholder oppression." *Id.* ¶¶ 39−41. Count III alleged that MTI breached its contract with Mr. Elling, including breaching the covenant of good faith and fair dealing. *Id.* ¶¶ 42−46. Mr. Elling sought compensatory, punitive, and statutory damages, as well as his attorneys' fees and costs. *Id.* at 8.

On August 6, 2019, the Court issued a scheduling order that set a deadline of August 26, 2019 for Mr. Elling to move to amend his pleadings, a deadline of February 7, 2020 to complete all discovery, and a deadline of March 9, 2020 for all dispositive motions to be filed. Doc. 17. During discovery, the parties disagreed about the precise terms of a confidentiality order under

which certain discovery would be provided, and the Court ultimately resolved those issues on December 4, 2019.  Docs. 25, 26, 28, 29, 31, 32.  Once the confidentiality order was in place, Mr. Elling received access to Mesa Biotech's books and records as part of the discovery in this case.  Doc. 49 at 7, ¶ 18.  But Mr. Elling never sought any adjustment of any of the deadlines contained in the Court's scheduling order, nor did he ever seek to amend his complaint.  *See generally* Docket, Case. No. 1:19-cv-00547-LF-SCY.

On March 9, 2020, Defendants timely filed their motion for summary judgment, seeking a final judgment in their favor on all Mr. Elling's claims.  Doc. 43.  The briefing on this motion was complete on April 8, 2020.  *See* Doc. 51.  Five days earlier, on April 3, 2020, Mr. Elling filed another lawsuit against Ms. Cai, Mr. Cary, Mesa Biotech, and MTI.  *See* Doc. 1, Case No. 1:20-cv-00306-JHR-JFR (*Elling II*).  Mr. Elling filed an amended complaint in that case on April 7, 2020 and served the defendants with the amended complaint on April 15 and 16, 2020.  Docs. 3, 5–8, Case No. 1:20-cv-00306-JHR-JFR (*Elling II*).  On April 14, 2020, Mr. Elling filed a Motion and Amended Motion for Voluntary Dismissal by Order of Court or, Alternatively, to Consolidate this case (*Elling I*) with *Elling II*.  Docs. 53, 54.  On June 17, 2020, the Court granted Defendants' motion for summary judgment and denied Mr. Elling's motion to dismiss this case or consolidate it with *Elling II*.  Docs. 60, 61.  The Court entered final judgment the same day.  Doc. 62.

A month later, Mr. Elling filed this motion, asking the Court to set aside the judgment in this case because of "mistake, inadvertence, excusable neglect, or 'any other reason that justifies relief.'"  Doc. 66 at 1.  More specifically, Mr. Elling argues that the Court should set aside its judgment because "[o]n July 9, 2020, Defendants filed a motion for judgment on the pleadings in *Elling II* on the basis of the preclusion doctrines," and that it would be unfair if the Court in

3

*Elling II* granted that motion and precluded him from litigating claims that he only found out about after he filed this lawsuit. *See* Doc. 66 at 3–4. Defendants oppose Mr. Elling's motion, arguing that he has failed to establish any basis for relief under FED. R. CIV. P. 60(b). Doc. 69. For the following reasons, the Court agrees with Defendants.

II.  **Discussion**

Rule 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect; . . . or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

A.  **Rule 60(b)(1)**

"[T]he 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996). A party's litigation mistake does not warrant Rule 60(b)(1) relief, nor is Rule 60(b)(1) relief available for a party who simply misunderstood the legal consequences of his or her deliberate acts. *Id.* Rule 60(b)(1) relief also "is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Id.*

4

Similarly, the "inadvertence, surprise, or excusable neglect" provisions in Rule 60(b)(1) are not intended to provide litigants an opportunity to redo their litigation strategy when it didn't work out well the first time. *See Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–47 (10th Cir. 1983) (upholding denial of 60(b)(1) relief where evidence showed at best an error of law and that defendant made a conscious decision not to defend the lawsuit, resulting in a default judgment against him). Carelessness also is not a basis for relief under Rule 60(b)(1). *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Moreover, Mr. Elling bears the burden of proving mistake, inadvertence, surprise, or excusable neglect. *See id.* ("The burden is upon the party moving to have the judgment set aside to plead and prove excusable neglect."). Here, Mr. Elling has not even stated what the mistake, inadvertence, surprise or excusable neglect was. *See* Doc. 66. He simply asserts that he didn't know about his claims in *Elling II* when he filed this lawsuit and that he was not required to move to amend his complaint in this case to add those claims. *See* Doc. 70 at 2–5. Mr. Elling is correct, but his position makes clear that his filing of *Elling II* was a calculated litigation strategy that does not warrant 60(b)(1) relief. Because Mr. Elling has not pointed to any specific mistake, inadvertence, surprise, or excusable neglect that would warrant setting aside the Court's judgment, he is not entitled to relief under Rule 60(b)(1).

## B. Rule 60(b)(6)

"Rule 60(b)(6) allows federal courts to relieve a party from a judgment for any reason—other than those in the five enumerated preceding categories—'that justifies relief.'" *Johnson v. Spencer*, 950 F.3d 680, 700 (10th Cir. 2020) (quoting FED. R. CIV. P. 60(b)(6)). The Tenth Circuit has "described Rule 60(b)(6) as a 'grand reservoir of equitable power to do justice in a particular case.'" *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) (quoting *Cashner*, 98

F.3d at 579). Although "the rule should be liberally construed when substantial justice will thus be served," *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (*en banc*)), "relief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances," *id.* Whether to grant 60(b)(6) relief is left to the sound discretion of the district court. *See Johnson*, 950 F.3d at 701 (the Tenth Circuit reviews the denial of a 60(b)(6) motion for abuse of discretion).

Rule 60(b)(6) relief is not available "for the purpose of relieving a party from free, calculated and deliberate choices he has made." *Cashner*, 98 F.3d at 580 (quoting 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2864 (3d ed.)). The Tenth Circuit has upheld Rule 60(b)(6) relief in limited circumstances, including when "events not contemplated by the moving party render enforcement of the judgment inequitable." *Id.* at 579 (citing *Zimmerman v. Quinn*, 744 F.2d 81, 82–83 (10th Cir. 1984) (upholding 60(b)(6) modification of stipulated judgment to allow the receiving party to escape tax liability for the transferred amount for a one year period when both parties had expected funds transfer to occur within sixty days and it did not occur for almost eighteen months); *State Bank v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1081 (10th Cir. 1996) (upholding 60(b)(6) relief and agreeing with bankruptcy court's conclusion that "the circumstances of the case had changed significantly since" the judgment)). But Rule 60(b)(6) relief is not available for "things like settlement agreements that have not worked out for the party, . . . or the party's regretted decision not to appeal an adverse judgment . . . ." *Johnson*, 950 F.3d at 703 (internal citations omitted).

In his motion, Mr. Elling asserts that he learned of additional claims against Ms. Cai and Mr. Cary on October 1, 2019, by virtue of an email he received from the chief financial officer of

Mesa Biotech. *See* Doc. 66 ¶ 5; Doc. 66-1. He says that he did not include these claims in his original complaint because he did not know about them when he first filed the complaint. Doc. 66 ¶ 8. He says he did not move to amend his original complaint because the deadline for moving to amend was August 26, 2019, and he would have had to show good cause for having missed the deadline. *See id.* ¶¶ 3, 4. Of course, "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery . . . ." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). But rather than moving to amend in October 2019, Mr. Elling instead chose to file a new lawsuit against defendants on April 3, 2020. *See* Doc. 1, Case No. 1:20-cv-00306-JHR-JFR. By then, discovery in this case had closed, Defendants had timely filed a motion for summary judgment on all Mr. Elling's claims, and Mr. Elling had responded to that motion. *See* Doc. 17 (scheduling order), Doc.43 (summary judgment motion), Doc. 49 (response). On June 17, 2019, the Court granted defendants' motion for summary judgment and entered a final judgment. Docs. 61, 62. Now, because Defendants have filed a Motion for Judgment on the Pleadings in *Elling II*, Doc. 33, Case No. 1:20-cv-00306-JHR-JFR, Mr. Elling is worried that the choices he made in this lawsuit might preclude his claims in his subsequent lawsuit.

   This is exactly the type of situation in which Rule 60(b)(6) relief is not appropriate. Res judicata and claim preclusion are not new concepts, and any practicing lawyer should be aware that filing serial lawsuits against the same parties could result in claim preclusion. Mr. Elling may regret at this point that he made the choices he did, but it certainly was reasonably foreseeable to him that filing a second lawsuit against the same parties and raising similar claims could result in defendants raising a res judicata defense. Importantly, he does not suggest that the Court's decision on the merits of defendants' Motion for Summary Judgment in this case was

wrong or mistaken or unjust.  *See generally* Docs. 66, 70.  He simply wants to be able to litigate his new lawsuit unfettered by the Court's judgment in this case.  *See id.* ¶¶ 14–20.  But Mr. Elling's current circumstances are the result of his own deliberate choices.  These are not the exceptional circumstances that would warrant Rule 60(b)(6) relief.  Whether Mr. Elling will be permitted to pursue his claims in *Elling II* is up to the presiding judge in that case.  The Court will not relieve Mr. Elling from the final judgment in this case.

### IV.     Conclusion

For the foregoing reasons, the Court DENIES Plaintiff John Elling's Rule 60(b) Motion (Doc. 66).

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent